## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Matthew Jones

      v.                                        Case No. 23-cv-53-LM

New Hampshire State Police, Troop E
New Hampshire State Police, Troop D
New Hampshire State Police, Troop F
New Hampton Police
Loudon Police Association
Mount Washington Park Employees
Gorham Police Department

### REPORT AND RECOMMENDATION

Pro se plaintiff Matthew Jones, a Delaware resident appearing in forma pauperis, has filed a complaint against several New Hampshire state and local law enforcement and state park agencies. (Doc. No. 1). Mr. Jones seeks $250,000,000 in damages related to alleged assaults that have taken place over the course of several decades. The complaint now before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e)(2).

### Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like Mr. Jones's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a

claim upon which relief may be granted.  See 28 U.S.C. §
1915(e)(2); LR 4.3(d).  In conducting its preliminary review,
the court construes pro se complaints liberally.  See Erickson
v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint
must contain "sufficient factual matter, accepted as true, to
'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009) (citation omitted).  The court treats as true all
well-pleaded factual allegations, and construes reasonable
inferences in plaintiff's favor.  See Ocasio-Hernández v.
Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### Plaintiff's Allegations

The four-page, single-spaced factual narrative in Mr.
Jones's complaint is disjointed and, at times, incoherent. He
alleges that he has been "murdered" multiple times beginning in
1986, having been removed from his mother's body after her
murder.  He also alleges that he has been forced into
prostitution since he was two years old and forced to drink
motor oil and bleach.  During an unspecified time period, Mr.
Jones alleges that he was in the care of crack addicts who
brought him to New Hampshire, where he was raped and assaulted
by "state and local police" in Loudon, New Hampshire, as well as
Massachusetts and Connecticut.  Mr. Jones seeks monetary damages
for "stem cells that would rejuvenate his body . . . restore
life expectancy, eliminate illnesses, and regrow parts of the

body that were lost to the traumas . . . ." Complaint (Doc. No. 1) at 13.

## Discussion

At the outset, Mr. Jones's complaint should be dismissed because the allegations are frivolous.  A complaint is frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional."  Denton v. Hernandez, 504 U.S. 25, 32-3 (1992)(citations and quotations omitted).  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Id. at 33.  The allegations in Mr. Jones's complaint fit comfortably within the Court's description in Denton.[1]

---

[1]The court notes that Mr. Jones has filed nearly identical lawsuits in other jurisdictions.  The Third Circuit has noted Jones' propensity to raise "myriad allegations of rape, murder, and kidnapping by members of [a] town's police department."  See Jones v. Bridgeville Police Dep't, 758 F. App'x 235, 235 (3d Cir. 2019); see also Jones v. Maine State Police Dep't Troop E, No. 1:22-cv-200, 2022 WL 2604594, at *1 (D. Me. July 7, 2022); Jones v. Portland Me. Police Dep't, No. 2:22-cv-201, 2022 WL 2604596, at *1(D. Me. July 7, 2022) (alleging that law enforcement officers of the Maine State Police and Portland Maine Police Department "raped, molested, battered, conditioned, and attempted to murder" him when he was a child.  The District of Maine dismissed the actions at § 1915(e)(2)(B) screening because his allegations were "fantastic and delusional" and because he failed to state a claim.[1]  These dismissals were affirmed by the United States Court of Appeals for the First

Beyond the frivolous allegations, Mr. Jones's complaint is also legally deficient in several ways.  First, he alleges that the defendants violated a number of criminal laws.  Private plaintiffs have no standing, however, to pursue criminal charges in civil cases.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Next, Mr. Jones claims that the municipal police department defendants are liable, under a theory of respondeat superior, for the actions of various individuals.  But to bring a claim against a municipal police department, a plaintiff must allege a municipal custom or policy that caused his injury.  Mr. Jones's complaint contains no such allegations.  See Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403 (1997) (holding that a plaintiff "seeking to impose liability on a municipality" must "identify a municipal 'policy' or 'custom'

---

Circuit in a consolidated appeal. *See* Jones v. Portland Me. Police Dep't, No. 22-1638, 2023 WL 2119793 (1st Cir. Jan. 4, 2023).
    Mr. Jones has been warned by the Third Circuit "that filing further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions." Jones, 758 F. App'x at 236.  In the District of Maine, Plaintiff has been warned that "he is at risk of having filing limitations imposed on him because of his numerous prior unmeritorious federal lawsuits." See Jones, 2023 WL 2119793, at *1; see also Jones v. Maine State Police Dep't, No. 1:22-cv-200, 2022 WL 3106572, at *1 (D. Me. Aug. 4, 2022) (warning that "[g]roundless and inappropriate filings will not be tolerated").

that caused" his injury"). In addition, Mr. Jones's claim for damages against the state entities – the police troops and state park employes – are foreclosed by sovereign immunity.  See Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir. 2009) ("It is well settled that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." (cleaned up).

## Conclusion

Based on the foregoing, the district judge should dismiss this complaint because it is frivolous and fails to state a plausible claim for relief.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Mr. Jones is cautioned that additional frivolous filings may result in filing limitations, including requiring him to

obtain advance approval from a District Judge before filing

another, similar case.  See Cok v. Family Court of Rhode Island,

985 F.2d 32, 35 (1st Cir. 1993).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

April 10, 2023

cc:  Matthew Jones, pro se